UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JAMES GORDON, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 13-cv-1003 |
| MARC HODGE, *Warden, Lawrence Correctional Center*, | ) ) ) ) |
| Respondent. | ) ) |

## O R D E R  &  O P I N I O N

Before the Court is Petitioner's Motion of Appointment of Counsel (Doc. 19). A § 2255 litigant is not entitled to a court-appointed attorney. *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992). However, the Court may appoint counsel to represent an indigent litigant pursuing a § 2255 motion in some circumstances. *United States v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013) (citing 18 U.S.C. § 3006A(a)(2)(B)). Before the Court will appoint counsel, the litigant must first show that he made a reasonable attempt to acquire counsel without court intervention. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). If the litigant has made the proper attempt, the Court considers whether, "given the difficulty of the case," he appears able to litigate it himself, and, if not, whether appointed counsel would be "reasonably likely to alter the outcome." *Id.* at 655-56, 660.

Petitioner has not made the threshold showing of an attempt to secure counsel without court intervention, and therefore will not be appointed an attorney. Even if Petitioner had made the requisite attempt, he likely still is not entitled to

appointment of counsel at this time. Petitioner adequately prepared his § 2255 Motion, and he appears competent to litigate his relatively straightforward claims. The only reason Petitioner gives for needing counsel is "[due] to inadequate access to study within Lawrence [Correctional Center] Law library." (Doc. 19 at 1). He provides no details about this "inadequate access." Even if his time to use the library is limited, that does not require appointment of counsel, as Petitioner may request extensions of time if necessary to complete his submissions.[1] For all these reasons, Petitioner's request for appointed counsel is denied.

The Court may additionally appoint counsel in a § 2255 case if discovery is required, and must appoint counsel if an evidentiary hearing is set. *See* Rules Governing Section 2255 Proceedings for the United States District Courts, R. 6, 8. Neither of these is applicable at this time; the Court will revisit the issue of appointment of counsel under these provisions if it later becomes necessary.

IT IS THEREFORE ORDERED that Petitioner's Motion for Appointment of Counsel (Doc. 19) is DENIED. Further, the Court sua sponte EXTENDS Petitioner's deadline to file his response to the pending Motion to Dismiss to October 9, 2013.

Entered this <u>24th</u> day of September, 2013.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge

---

[1] If Petitioner is being denied access to a law library completely, that would present a more serious problem, but there is no indication that is the case.